West'n Dis'ct
October, 1826

*WOODS* vs. *KIMBALL.*

If the owner of land entitled to a preemption for lands adjoining it, sell the right to another, and afterwards enter the land subject to the preemption in his own name, the title acquired by him will enure to the benefit of the vendee.

5ns246
47 955

APPEAL from the court of the sixth district.

MATTHEWS, J. delivered the opinion of the court. This is a petitory action, brought to recover a tract of land alleged to be in the possession of the defendant. Judgment was rendered in the court below against the plaintiff, from which she appealed.

The written evidences of title in the appellant, are, a plat of survey for Peret Godo, and a certificate in his favor from the land office; an act of sale from Godo to Perrault, a sale from him to John Wood, and a sale from the latter to E. Wood.

The written evidence of title, offered and received on the part of the defendant, consists of a deed of sale from the heirs of Antoine Godo to Wade Kimbal, a sale from him to Marcote, articles of partnership entered into between the latter and A. Plauche, an act of dissolution of said partnership, a deed of exchange of part of said land to Moreau, a sheriff's sale of the whole tract, as the property of Plauche, to Joseph Kimbal, and sale from the latter to the defendants. There is also a plat of the whole tract belonging to Godo's

heirs, purporting to contain 2000 acres, of which the land in dispute made a part.

There is a bill of exceptions, taken to the introduction of the certificate of the register of the land office, on the part of the plaintiff, which need not be noticed, as we are clearly of opinion, that the whole evidence of the case clearly shews that PerretteGodo, under whom the plaintiff claims the disputed land, obtained his title or claim from the U. S. in virtue of a preemption right which was supposed to exist in him at the time of obtaining the certificate of the register. The evidence in support of the pretentions of the plaintiff would, perhaps, be sufficient to shew title in her, and conse-quently a right to recover in the present suit, if no other title were shewn on the part of the defendant.

In the first deed exhibited in his chain of titles, the right of preemption to the back lands was expressly conveyed to the vendee, and with this privilege, through several conveyan-ces, it has come to the present proprietor and possessor. Godo, who obtained the title by preemption from the U S. was a party to the original act of sale under which the defendant claims, and by that act divested himself of any

preemption right which he might otherwise have had. After such divestment on his part and transfer to his first vender, any title he may have subsequently acquired, in virtue of the right thus transferred, must equitably enure to the benefit of the latter and those claiming under him. In addition to this str ng gr und of defence, it is shewn by the oral testimony in the cause, that the land now sued for is embraced by the notorious limits f the entire tract of the grantees, heirs of Godo.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Flint* for the plaintiff, *Boyce* for the defendant.